# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JIMENEZ, | CASE NO. 1:12-cv-00027-AWI-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR LACK OF JURISDICTION |
| ZAC DYER, et al., | |
| Defendants. | (Doc. 1) |

Plaintiff Richard Jimenez proceeds *pro se* and *in forma pauperis* in this action seeking a court order for discovery in a state court action. Because this Court lacks jurisdiction over the state court's determination of this discovery issue, this case must be dismissed with prejudice.

**I.      Factual Allegations**

According to the facts alleged in the complaint, on March 11, 2003, Defendant Zac Dyer, a Home Depot security asset specialist, detained Plaintiff in the parking lot of Defendant Home Depot in Riverpark, Fresno, California, and accused him of having committed petty theft (California Penal Code § 666). In the course of the arrest, Dyer tackled Plaintiff. Dyer and Defendant Valdez assaulted Plaintiff, spraining Plaintiff's neck and causing Plaintiff to defecate in his pants. Defendant Casillas joined the assault, kicking Plaintiff in the stomach and hog tying him. Defendants then filled a shopping cart with nine plants. When Fresno Police arrived, Defendants reported that Plaintiff had attempted to steal the plants.

Plaintiff reports that his criminal case is currently pending before Judge Thorpe in California Superior Court, Fresno County, where he is apparently represented by an attorney. Plaintiff discloses that he has been found mentally incompetent to stand trial and awaits transfer to a psychiatric facility.

### III.	Plaintiff's Claim

Plaintiff seeks this Court's order requiring Home Depot to provide its video surveillance tape, which he contends will prove that Defendants framed him on the petty theft charges. He argues that Defendants have refused to release the security tape since it would assist Plaintiff in a subsequent civil suit against them.

Because Plaintiff raised his claims before the state judge, who rejected them, Plaintiff's claims are in the nature of an appeal of the state court's discovery order, based on alleged procedural improprieties. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment or order (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). To challenge the order(s) or judgment(s) of the state court, Plaintiff must file an appeal with the appellate division of the state court. *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16. Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257. A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana*

*Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of constitutional and other federally protected rights in connection with the state court's denial of Plaintiff's request for the security tape. Accordingly, Plaintiff's federal complaint must be dismissed.

This action is **HEREBY DISMISSED** for lack of federal jurisdiction.

IT IS SO ORDERED.

Dated:   February 22, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3